# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50033

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 29, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| NICHOLAS THOMAS SCOTT BRANSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. John T. Mitchell, District Judge.

Judgment of conviction and unified life sentence, with twenty-five years determinate, for forcible sexual penetration by use of a foreign object, <u>affirmed</u>.

Nevin, Benjamin & McKay LLP; Dennis Benjamin, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Nicholas Thomas Scott Branson pled guilty to felony injury to child, Idaho Code § 18-1501(1), and forcible sexual penetration by use of a foreign object, I.C. § 18-6608. The district court imposed a ten-year determinate sentence for felony injury to child and a life sentence, with twenty-five years determinate, for forcible penetration by use of a foreign object. Branson appeals, contending that his sentence for forcible penetration by use of a foreign object is unreasonable because it is longer than necessary to achieve the goals of sentencing.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Branson's judgment of conviction and sentence for forcible penetration by use of foreign object are affirmed.